IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA PARKER,<br>Individually, and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ELITE CARE AND STAFFING LLC,<br><br>    Defendant. | Case No.  23-1564<br><br><br>JURY TRIAL DEMANDED |

**VERIFIED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, Teresa Parker, by and through her attorney, David M. Manes, Esq. of Manes & Narahari LLC, and respectfully submits this Verified Collective Action and Class Action Complaint on behalf of herself and all those similarly situated, averring as follows:

**SUMMARY**

1. Plaintiff brings this Collective Action and Class Action to recover damages for Defendant's unlawful denial of wages of over 100 employees, depriving them of appropriate compensation of hours worked to which they should have been entitled during their employment.

**JURISDICTION AND VENUE**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. §333.104, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. §260.1, et seq ("WPCL").

3. This Court specifically has jurisdiction over FLSA claims pursuant to 29 U.S.C. §216(b).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Teresa Parker ("Parker") is an adult individual with a primary residence located at 6121 Spruce Street, Philadelphia, Pa 19139

8. Defendant Elite Care and Staffing LLC ("Elite Care") is a Limited Liability Company with a business address of 8600 West Chester Pike, suite 301, Upper Darby, Pa 19082.

## FACTS SPECIFIC TO PLAINTIFF TERESA PARKER

9. Plaintiff, Teresa Parker, began working for Defendant in or around March 2021 as a Certified Nursing Assistant.

10. As a Certified Nursing Assistant, Plaintiff was assigned to one family that she enjoyed taking care of.

11. Plaintiff's work with this family ranged from helping with day to day tasks as well as assisting with daily medical needs.

12. Plaintiff also had taken her client to doctors appointments.

13. Plaintiff regularly worked in excess of 40 hours.

14. In fact, Plaintiff regularly worked at least 48 hours a week.

15. Plaintiff was paid $13 per regular hour worked.

16. During Plaintiff's employment with Defendant, Defendant regularly failed to pay Plaintiff proper overtime wages.

17. Plaintiff would be paid $13 per over time hour instead of time and a half, which would be $19.50 per hour.

18. As a result of not being paid proper wages, Plaintiff resigned from her position in or about April 2022.

19. To date, Plaintiff still has not received proper compensation for all hours worked.

## CLASS ACTION ALLEGATIONS

20. The named Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, Elite Care and Staffing LLC. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil Procedure 1701, et seq., and a collective action pursuant to the FLSA on behalf of a Class consisting of: all current and former Certified Nursing Assistant hourly employees of Elite Care and Staffing LLC residing in the Commonwealth of Pennsylvania who were employed by Defendant during the period from March of 2020 the date of resolution of this case ("the Class").

21. Elite Care and Staffing LLC is a licensed Home Care agency in the state of Pennsylvania.

22. Elite Care and Staffing LLC primarily engages in the caregiving, within the commonwealth, to senior citizens.

23. Elite Care exercised control and direction over Plaintiff and the Class during their employment.

24. Elite Care and Staffing LLC participated in implementing and/or enforcing employment policies that affected Plaintiff and the Class, including but not limited to, whether such employees would be properly compensated for all time spent working.

25. Plaintiff's claims are typical of the claims of the Class members because she was a CNA hourly employee who, like the Class members, sustained damages arising out of Defendant's campaign to force her to work for a straight hourly wage for overtime hours worked instead of time and a half.

26. CNA hourly employees are easily identifiable in the records of Defendant, and they are distinct from other classes of workers Defendant employ who were not affected by the common scheme of Defendant to require caregivers to work hours in excess of 40 per week without time and a half pay.

27. CNA hourly employees and Plaintiff are all similarly situated, with comparable job titles, descriptions, and daily activities; CNA hourly employees and Plaintiff are particularly similarly situated with regard to the implementation of the common scheme of Defendant to require employees to work in excess of 40 hours per week at their regular hourly rate.

28. Defendant did not require only Plaintiff or only a small group of employees to overtime at their regular hourly rates; rather, their common scheme to require all similarly situated employees to work for their regular hourly rate for hours in excess of 40.

29. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex, class action and collective action litigation.

30. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiff and the Class are:

a. Whether the work performed by Plaintiff and the Class is included in the type of work Elite Care and Staffing LLC employed Plaintiff and the Class to perform;

b. Whether Defendant has engaged in a pattern and/or practice in Pennsylvania of forcing or permitting Plaintiff and the Class to work more than 40 hours per week without just compensation;

c. Whether Defendant has engaged in a pattern and/or practice in Pennsylvania of encouraging Plaintiff and the Class to work more than 40 hours a week without pay being time and a half as the law states;

d. Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Elite Care and Staffing LLC policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;

e. Whether Elite Care and Staffing LLC failed to pay Plaintiff and the Class time and a half for the work the Defendant required them to perform in hours in excess of 40;

f. Whether Defendant violated the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104;

g. Whether Defendant violated the Pennsylvania Wage Payment and Collection Law, 43. P.S. § 260.1 et seq.: and;

h. The nature and extent of class-wide injury and the measure of damages for the injury.

31. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant's records.

32. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

34. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

35. Beginning at a date unknown to Plaintiff, Defendant committed acts of wage abuse against its hourly CNA employees by forcing Plaintiff and the Class to work more than 40 hours per week without just compensation for the overtime hours.

36. Plaintiff and the Class were CAN employees for the Defendant, and many, including the Plaintiff, worked from the home of the Defendant's clients.

37. Class members were affected by Defendant's scheme to not pay time and a half for hours worked in excess of 40 per week.

38. Plaintiff and the Class were not paid time and a half for their overtime hours that they were required to work for Defendant and the Defendant's clients. Plaintiff and the Class were not compensated at a rate of at least time and a half for that time.

39. On information and belief, it is alleged that Defendant's willfully required employees to work more than 40 hours per week without just compensation.

40. Plaintiff and the Class frequently worked in excess of 40 hours per week, and were not compensated an overtime wage for all overtime hours they worked during a given work week.

41. On information and belief, it is alleged that Defendant's policy of requiring employees to work overtime hours without just compensation as stated in law.

42. Defendant was fully aware of relevant state and federal laws regarding proper compensation of employees, and they willfully chose to pay employees the regular hourly rate for all hours worked, including overtime hours.

## COUNT I
### Collective Action under the FLSA

43. The above paragraphs are incorporated here by reference.

44. This action is brought as a collective action brought by Ms. Parker as one of a class of hundreds of Elite Care and Staffing LLC workers who were denied wages under the FLSA.

45. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this collective action and give them the opportunity to opt in.

46. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

    a. What wages the Defendant failed to pay to its workers in violation of the FLSA;

    b. What actual damages Class members are entitled to; and

    c. What liquidated/punitive damages Class members are entitled to.

47. Parker's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendant.

48. Parker will fairly and adequately protect the interests of the members of the Class, and Parker has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Parker would be rulings that would benefit any other member of the Class.

49. Parker has retained competent counsel, with experience handling similar actions.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

    a. It would be unduly burdensome to the courts;

    b. It would result in significant delays; and

    c. It would increase expenses to all parties.

51. In the interest of judicial economy, a collective action is the appropriate method to bring Count I of this action.

52. Elite Care and Staffing LLC is an employer within the meaning of the FLSA.

53. Plaintiff is an employee within the meaning of the FLSA.

54. The Class are employees within the meaning of the FLSA.

55. As described above, Defendant willfully failed to pay wages to the Class members during their employment, in violation of the FLSA.

56. Defendant knew that their conduct violated the FLSA or recklessly disregarded the protections set forth in the FLSA for workers.

57. On information and belief, Defendant has been put on specific notice before that their conduct violated the FLSA, yet they continued to require employees to work without just overtime pay.

58. On information and belief, Defendant has discussed and considered whether to pay employees for the additional overtime wages required for hours worked in excess of 40, and Defendant has willfully decided not to pay for such time, knowing it was in violation of the FLSA.

## COUNT II
### Class Action Under the PMWA

59. The above paragraphs are incorporated here by reference.

60. This action is also brought individually and as a Rule 23 class action by Ms. Parker as one of a class of Elite Care and Staffing LLC workers in Pennsylvania who were unlawfully denied wages due under the PMWA.

61. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendant in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

62. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this class action.

63. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendant failed to pay to its workers in violation of the PMWA;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

64. Parker's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendant.

65. Parker will fairly and adequately protect the interests of the members of the Class, and Parker has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Parker would be rulings that would benefit any other member of the Class.

66. Parker has retained competent counsel, with experience handling similar actions.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;

   b. It would result in significant delays; and

   c. It would increase expenses to all parties.

68. In the interest of judicial economy, a class action is the appropriate method to bring this action.

69. Elite Care and Staffing LLC is an employer within the meaning of the PMWA.

70. Plaintiff is an employee within the meaning of the PMWA.

71. The Class are employees within the meaning of the PMWA.

72. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendant in excess of 40 hours per week.

73. As described above, Defendant willfully failed to pay wages to the Class members during their employment, in violation of the PMWA.

## COUNT III
### Class Action Under the WPCL

74. The above paragraphs are incorporated here by reference.

75. This action is also brought individually and as a Rule 23 class action by Ms. Parker as one of a class of Elite Care and Staffing LLC workers in Pennsylvania who were unlawfully denied wages due under the WPCL.

76. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendant in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

77. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this class action.

78. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendant failed to pay to its workers in violation of the WPCL;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

79. Parker's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendant.

80. Parker will fairly and adequately protect the interests of the members of the Class, and Parker has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Parker would be rulings that would benefit any other member of the Class.

81. Parker has retained competent counsel, with experience handling similar actions.

82. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;

   b. It would result in significant delays; and

   c. It would increase expenses to all parties.

83. In the interest of judicial economy, a class action is the appropriate method to bring this action.

84. Elite Care and Staffing LLC is an employer within the meaning of the WPCL.

85. Plaintiff is an employee within the meaning of the WPCL.

86. The Class are employees within the meaning of the WPCL.

87. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendant in excess of 40 hours per week.

88. As described above, Defendant willfully failed to pay wages to the Class members during their employment, in violation of the WPCL.

## COUNT IV
### Breach of Contract: Unjust Compensation

89. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs.

90. At the time Plaintiff and the Class accepted employment with Elite Care and Staffing LLC, they were hired to work at a fixed hourly wage rate.

91. Plaintiff and the Class were expressly told the rate they would earn for each hour worked. Plaintiff Parker was told she would be paid an hourly wage of $13.00.

92. Defendant's policies were disseminated to Plaintiff and the Class in a manner to ensure that they were aware of the contents and would reasonably believe it to be an offer of employment pursuant to the terms contained in policies.

93. Plaintiff and the Class accepted Defendant's offer of employment by commencing and/or continuing work after learning of their policies.

94. The employment contract between Plaintiff and the Class and the Defendant arises from Elite Care and Staffing LLC express policies and the parties' express agreements concerning compensation and overtime work by adopting an expectation of specific treatment and continuing to work for Defendant.

95. Defendant foresaw or reasonably should have foreseen that Plaintiff and the Class would rely upon said promises concerning compensation and overtime work by adopting an expectation of specific treatment and continuing to work for Defendant.

96. Defendant breached their contract with Plaintiff and the Class by not paying them just compensation for hours worked in excess of 40 per week pursuant to Pennsylvania law and the agreements between the parties.

## COUNT V

## Unjust Enrichment – Quasi Contract

97. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

98. The subsequent thereto Defendant, devised and implemented a plan to increase their profits fostering a scheme of securing improperly compensated work from Plaintiff and the Class as in more specifically alleged hereafter.

99. More specifically, contrary to all good faith and fair dealing, compensated the Plaintiff and the Class with overtime hours in excess of 40 per week without paying time and a half.

100. That by reason of having secured the work and efforts of Plaintiff and the Class with compensation, Elite Care and Staffing LLC enjoyed reduced over-head expenses with respect to the amount being paid hourly employees, to their own benefit and to the detriment of Plaintiff and the Class, and that it retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

101. That accordingly, Plaintiff and the Class are entitled to judgement in an amount equal to the benefits unjustly retained by Defendant

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests that this Court certify a collective action under Count I and a class action under Count II, Count III, Count IV and Count V, enter judgement in her favor, an in favor of all those similarly situated against the Defendant, and award all damages available at law in equity, including:

a. Unpaid wages for hours actually worked;

b. Liquidated damages under the FLSA in an amount of 100% of unpaid wages;

c. Liquidated damages under the WPCL in an amount of 25% of unpaid wages or $500 per Class member, whichever is greater;

d. Attorney's fees and costs;

e. Prejudgment and continuing interest; and

f. Any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
**David M. Manes, Esq.**
PA ID No. 314661

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

**<u>VERIFICATION</u>**

I, Teresa Parker, make this verification and state the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements therein are made subject to the penalty of perjury under the laws of the United States of America.

_____
Teresa Parker